**ORIGINAL**

# In The United States Court of Federal Claims

No. 13-138C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: March 8, 2013)

FILED

MAR 8 2013

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| SIS FOUNDATION, [Corporate Sole] | |
| Plaintiff, | |
| v. | |
| SENIOR JUDGE SOUTH CAROLINA DISTRICT COURT MARGARET SEYMOUR; BEATTIE ASHMORE; L. WALTER TOLLISON, III, | |
| Defendants. | |

## ORDER

On February 22, 2013, plaintiff, SIS Foundation, filed a complaint, under cover of an application to proceed *in forma pauperis*. The complaint seeks various injunctive and declaratory relief, including orders quieting title in plaintiff to certain property, and invalidating orders rendered by Magistrate Judge Margaret Seymour of the U.S. District Court for the District of South Carolina.

This court is solemnly obliged, on its own accord, to address obvious questions concerning its subject matter jurisdiction. *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97

(1976)). Having reviewed plaintiff's complaint, this court is certain that it lacks jurisdiction to consider the claims that plaintiff raises.

With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the "takings clause" of the Fifth Amendment. *See United States v. Testan*, 424 U.S. 392 (1976); 28 U.S.C. §1491. This court lacks jurisdiction to entertain claims that are not based upon an appropriate money-mandating provision. *See, e.g., Sanders v. United States*, 34 Fed. Cl. 75, 80 (1995), *aff'd*, 104 F.3d 376 (Fed. Cir. 1996), *cert. denied*, 522 U.S. 831 (1997); *Martinez v. United States*, 26 Cl. Ct. 1471, 1476 (1992), *aff'd*, 11 F.3d 1069 (Fed. Cir. 1993). The Quiet Title Act, 28 U.S.C. § 2409a, is not such a provision. *See Dwen v. United States*, 62 Fed. Cl. 76, 81 (2004). Absent a specific authorizing statute, this court also lacks the authority to grant declaratory and injunctive relief of the sort plaintiff requests. *See United States v. King*, 395 U.S 1, 4-5 (1969); *Anderson v. United States*, 21 Cl. Ct. 143, 144 (1990). Nor does this court hear claims sounding in tort, including so-called constitutional torts, or claims against government employees, including Federal judicial officers, *see* 28 U.S.C. §1491; *Buck v. United States*, 2011 WL 2633624, at *2 (Fed. Cl. July 6, 2011), or private individuals, *see Berdick v. United States*, 612 F.2d 533, 536 (Ct. Cl. 1979). Finally, the court entirely lacks jurisdiction to review the decisions of district courts relating to proceedings before those courts. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *Cooper v. United States*, 104 Fed. Cl. 306, 311-12 (2012). This court, therefore, lacks jurisdiction over all claims made by the plaintiff.

It follows that the complaint must be dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Francis M. Allegra
Judge